IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MARY RUFFIN

*Plaintiff,*

vs

GRASSANO PROPERTIES, INC.,

AND

KATRINA ROSSON, in her Official Capacity as Manager of

Hamlet Townhomes Apartments for Grassano Properties Inc

*Defendants.*

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 2 6 2025

BY
DEPUTY_____

1:25cv563

**GENERAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT

The Plaintiff Mary Ruffin, appearing Pro Se, respectfully files this complaint and alleges the following :

**Jurisdiction:** Federal Question under 28 U.S.C. § 1331 (constitutional violations).

**VENUE:** United States District Court for the Eastern District of Texas, Beaumont Division.

- The events giving rise to my claims (mailbox theft, obstruction of justice, attorney misconduct) occurred in Texas.

- Grassano Properties conducts business in Texas and is subject to personal jurisdiction there.

- Under 28 U.S.C. § 1391(b), venue is proper in the district where the defendants reside or where a substantial part of the events occurred.

**Parties :** Mary Ruffin ( Plaintiff).

Grassano Properties Inc ( Defendant).

Agent : Alex Geassano – 11001 Milwaukee Avenue – Lubbock, Texas 79424.

Katrina Rosson, in her official capacity as Manager of Hamlet Townhomes Apartments for Grassano Properties Inc.

3995 Crow Rd- Beaumont , Texas 77706 ( Defendant).

**First Defendant/ Grassano Properties Inc**

**Cause of Action:** 42 U.S.C. § 1983 – deprivation of due process rights under color of law, with Grassano Properties acting through its attorneys to interfere with judicial proceedings.

**Count I** – Deprivation of Due Process (42 U.S.C. § 1983).

- **Defendant:** Grassano Properties, Inc.

- **Conduct:** Grassano Properties Inc intentionally hired Attorney Wyatt Snider to pursued unlawful dismissals under unrelated case number, to deny the Plaintiff indigent status protections

under Texas Rule of Civil Procedure 145, manipulated court procedures etc., to prevent the Plaintiff from exercising her rights.

- **Legal Basis:** The Fourteenth Amendment guarantees due process. By directing its attorneys to obstruct proceedings, Grassano Properties Inc deprived the Plaintiff of this right.

- **Harm:** Financial losses (pawned property to pay fees), unlawful detention, denial of a fair trial.

## Count II – Conspiracy to Obstruct Justice (42 U.S.C. § 1985)

- **Defendant:** Grassano Properties, Inc.

- **Conduct:** Grassano Properties Inc conspired with its Attorney Bree Babineaux (Malley Law Firm) to participate in unproperly scheduled hearings exclusively through emails and not part of the official court record, to exploit improper judicial reassignment.

- **Legal Basis:** Section 1985 prohibits conspiracies to obstruct justice or deny equal protection. Grassano Properties Inc repeated hiring of attorneys to continue obstruction demonstrates a deliberate conspiracy.

- **Harm:** The Plaintiff was denied meaningful access to the courts and forced into financial hardship.

## Count III – Abuse of Process

- **Defendant:** Grassano Properties, Inc.

- **Conduct:** Grassano Properties Inc misused judicial procedures by directing an attorney to file under unrelated case number, schedule hearings off the record, and benefit from improper reassignment of judges.

- **Legal Basis:** Abuse of process occurs when legal procedures are used for purposes other than their intended function. Grassano Properties Inc used the courts not to resolve disputes fairly, but to obstruct the Plaintiff rights.

- **Harm:** The Plaintiff suffered financial loss, emotional distress, and denial of fair adjudication.

**Second Defendant / Katrina Rosson**

### Count IV – Deprivation of Due Process by Manager (42 U.S.C. § 1983)

- **Defendant:** [KATRINA ROSSON], in her Official Capacity as Manager of Hamlet Townhomes Apartments for Grassano Properties Inc.

- **Conduct:** The manager knew that the Plaintiff money orders had been deposited in the office mailbox. She refused to submit video evidence that would have confirmed the payments, while later posting on Facebook about how theft occurs from the same mailbox.

- **Legal Basis**: By withholding exculpatory evidence and failing to protect tenant payments, the manager acted under color of state law in cooperation with Grassano Properties' attorneys to obstruct your access to justice.

- **Harm:** The Plaintiff was deprived of due process, forced into financial hardship, and repeatedly been denied a fair opportunity to due process and the camara surveillance for the time of question.

### Count V – Failure to Protect Tenant Payments / Conspiracy to Obstruct Justice

**Defendant:** [Katrina Rosson ], in her Official Capacity as Manager of Hamlet Townhomes Apartments for Grassano Properties Inc.

- **Knowledge:** The manager knew the office mailbox was being broken into and that the Plaintiff money orders had been deposited there ( that is confirmed because the Lease Agreement on notification of late fees were not complied with) and neither did Grassano Properties Inc Counterclaim for the so- called fees.

- **Duty:** As property manager, she had a responsibility to ensure that payments dropped in the overnight box were secure and properly accounted for.

- **Conduct:** She refused to disclose video evidence that confirmed theft from the mailbox.

- She posted the video (how thieves break in the office mail box) publicly on Facebook instead of submitting it to the court and law enforcement.

- She failed to file a police report despite knowing theft was occurring.

- When the Plaintiff attempted to file a report myself, law enforcement refused to investigate, stating it needed to be filed by the manager.

- **Conspiracy:** By withholding evidence and failing to act, she conspired with Grassano Properties' attorneys to misconstrue the facts and obstruct justice.

- **Legal Basis:** This conduct deprived the Plaintiff of due process and equal protection under the Fourteenth Amendment, actionable under 42 U.S.C. § 1983 and § 1985.

- **Harm:** the Plaintiff was forced into financial hardship and obstructed from pursuing justice.

## Summary of Facts

- Grassano Properties Inc never filed a counterclaim for the monthly expenses they alleged the Plaintiff did not pay.

- This omission indicates they already knew the fees had been deposited in the apartment overnight box.

- Despite this knowledge, Grassano Properties Inc later submitted false claims of unpaid fees to credit reporting agencies.

- These reports were dishonest and have interfered with the Plaintiff ability to secure housing, causing ongoing harm.

**Conclusion**

Grassano Properties Inc misused substitution of counsel as a tool to obstruct justice.

After Attorney Wyatt Snider determined he could no longer pursue improper dismissals, watched the abuse of Tex. R. Civ. P. 145 ( denying access to the court ) Grassano Properties Inc terminated his representation and hired Malley Law Firm to continued their behavior of denying equal protection of the rules and law.

When the Ninth Court of Appeals remanded the matter back to Civil Court at Law No. 1 to determine indigency, Snider did not appear but instead stated he did not object and requested that the case be set for trial, thereby allowing the justice system to proceed as designed.

Grassano Properties Inc terminated him under Texas Rule of Civil Procedure 10, claiming good cause, but the action was in fact for the wrong cause.

The substitution of Malley Law Firm was not to advance the case but to begin a series of strategies aimed at denying due process.

If Wyatt Snider was no longer part of the case, Malley Law Firm copying their filings demonstrates that the substitution was not made for good cause but was instead used as a weapon to obstruct due process.

-7-

Malley Law Firm attempted to revive defenses that had already been raised and denied, including the claim that the wrong party was sued.

This conduct demonstrates that substitution of counsel was not used for legitimate representation, but instead as an abusive tactic to deny Plaintiff's due process rights and prolong obstruction.

Such misuse of substitution of counsel constitutes abuse of process and deliberate interference with constitutional protections.

After Grassano Properties Inc hired Malley Law Firm, no proper order of substitution of counsel was ever signed. Despite this, Malley threatened Plaintiff with a restraining order for submitting emails to Grassano Properties Inc agent and Katrina Rosson.

Such threats were improper and retaliatory, as the attorney's energy should have been directed toward obtaining a valid substitution order rather than intimidating Plaintiff.

This conduct further demonstrates that Grassano Properties Inc and its counsel acted not to defend the case fairly, but to obstruct justice, deny due process, and silence Plaintiff's attempts to pursue legitimate claims.

Plaintiff has demonstrated that Defendants Grassano Properties Inc, its manager, and retained counsel engaged in conduct that deprived Plaintiff of constitutional rights.

Private conduct becomes state action when private parties use the machinery of the courts or law enforcement to deprive someone of rights.

Here, the attorney did not merely represent Grassano — they leveraged judicial authority to silence Plaintiff.

This entwinement with judicial power is sufficient to establish that Defendants acted under color of law. Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 and § 1985 are properly before this Court, and relief should be granted to prevent further obstruction of justice and violation of Plaintiff's rights.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

**Prayer / Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Grassano Properties, Inc. and its agents, and grant the following relief:

1.    **Declaratory Relief:**

•    A declaration that Grassano Properties, through its attorneys and manager, violated Plaintiff's constitutional rights to due process and equal protection.

2.    **Compensatory Damages:**

•    For financial losses suffered, including pawned property, unlawful fees paid, traveling fees, and related expenses a total of $300, 000 in which is $150,000 per Defendant.

•    For emotional distress and hardship caused by the obstruction of justice.

3.    **Punitive Damages:**

•    To deter Grassano Properties Inc and other corporate actors from engaging in similar misconduct in the future.

4.    **Injunctive Relief:**

•    An order prohibiting Grassano Properties Inc from further interfering with Plaintiff's access to the courts.

•    An order requiring Grassano Properties Inc to implement secure procedures for tenant payments and to disclose evidence of theft when it occurs.

5.    **Costs and Fees:**

•    Award of fees related to litigating this matter, including, ink, paper, traveling and any attorney hired under 42 U.S.C. § 1988.

6.    **Credit Reporting Correction:**

•    An order requiring Grassano Properties Inc to retract and remove all negative credit reports related to the alleged unpaid fees.

•    An injunction prohibiting Grassano Properties from submitting false or misleading information to credit agencies in the future.

7.    **Injunctive Relief – Proper Substitution of Counsel**

An order requiring Grassano Properties Inc to comply with proper substitution of counsel protocols such as Tex. R. Civ. P. 10 and further them from using this Rule as a weapon to stop due process and instruct Grassano Properties Inc substitutions must be signed by a judge with jurisdiction.

**8.      Injunctive Relief – Prohibition of Retaliatory Threats**

An order enjoining Grassano Properties Inc and its attorneys from threatening Plaintiff with restraining orders or other retaliatory measures when no such threats are presented.

Respectfully Submitted:

Mary Ruffin

P.O. Box 36615

Houston, Texas 77236

(832) 343-0499

maryruffin77236@gmail.com

## CERTIFICATE OF SERVICE

I certify the foregoing instrument , Summons for Grassano Properties Inc Agent , Defendant Katrina Rosson , Civil Cover Sheet were hand-delivered to the Jack Brooks Federal Building and U.S. Courthouse, 300 Willow Street, Suite 104, Beaumont, TX 77701 on this 26th day of November of 2025.