UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MARY RUFFIN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. 1:25-CV-00563-MAC** |
| | § | |
| | § | |
| **GRASSANO PROPERTIES INC. and** | § | |
| **KATRINA ROSSON,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. On January 8, 2026, Judge Stetson issued a Report and Recommendation (#10) recommending that this court conditionally dismiss Plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), allowing time for Plaintiff to replead. Plaintiff has objected (#11) to the Report and Recommendation; however, her filings necessitate some initial discussion before the court can address Plaintiff's objections.

### I. Plaintiff's Request for Leave

On January 29, 2026, Plaintiff filed a "Motion for Leave to File Objections Out of Time and Objections to the Magistrate Judge's Report and Recommendation" (#11). This filing

violates Eastern District of Texas Local Rule CV-7(k), which provides that "[m]otions for leave to file a document should be filed separately and immediately before the document for which leave is sought." It seems, however, that Plaintiff recognized her motion's impropriety because she mailed a separate Motion for Leave to File Objections Out of Time (#13) to the court the next day. Although Plaintiff does not reference the local rules in her second motion, she notes therein that "[she] desires to file a separate stand-alone Motion for Leave" and "respectfully requests the court grant[] [it] and accept her objections as timely" (#13 at 3). Plaintiff's request for leave is **GRANTED**.[1] Accordingly, the court excuses Plaintiff's dual motion[2] and construes it as her timely filed objections,[3] which the court will now address.

## II. Legal Standard

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) ("Frivolous,

---

[1] The reasons Plaintiff provides for her objections' tardiness are satisfactory. *See* (#13 at 2).

[2] Full adherence to all applicable procedural rules are expected moving forward; failures to comply can and will lead to motions being struck by this court or the magistrate judge. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

[3] Aside from a two-sentence request for leave, the filing contains only her objections. *See* (#11 at 2–8).

2

conclusive or general objections need not be considered by the district court."), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### III. Analysis

Plaintiff levies 12 objections to Judge Stetson's Report and Recommendation. *See* (#11). The first 5 objections assert that certain findings in the Report and Recommendation are undermined by "internal inconsistenc[ies]" caused by "misapplication of the screening standard." (#11 at 2–4). Plaintiff faults Judge Stetson for not accepting Plaintiff's allegations as true and concluding that Plaintiff failed to state legally cognizable causes of action despite identifying the "claims" Plaintiff asserted in her complaint.

Plaintiff's first 5 objections are overruled. Judge Stetson did not misapply the screening standard under 28 U.S.C. § 1915; a *de novo* review of Plaintiff's complaint (#1) confirms that her allegations "leave[] the court unsure as to what exactly her claims are." (#10 at 1). Plaintiff indeed asserts legal claims, but her allegations lack the detail required to assert any *plausible* claims. The court should accept well-pleaded allegations as true, but that "tenet" is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's asserted "claims" are simply "recitals of the elements of a cause of action, supported by mere conclusory statements," which, at the pleading stage, "do not suffice" to state a claim. *Id.* The magistrate judge did not recommend dismissal based on a finding that Plaintiff's claims were "frivolous" (#11 at 3), Judge Stetson found that Plaintiff had failed to state a claim. This court agrees with that reading of the complaint. The complaint's allegations might suggest wrongdoing, but without more detail, Plaintiff's assertions are equally "compatible" with lawful behavior.[4] *Iqbal*, 556 U.S. at 680. In other words, Plaintiff's complaint, as pleaded, fails to "nudg[e] [her] claims

---

[4] At least, behavior that does not give rise to liability under the Ku Klux Klan Act.

. . . across the line from conceivable to plausible." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Objection 6 is overruled.  Plaintiff argues that the Report and Recommendation erred in concluding that her complaint did not allege state action.  (#11 at 4).  Plaintiff claims that she "alleges that Defendants benefited from and participated in coordinated actions with judges, clerks, and court personnel conduct that denied Plaintiff access to the courts, deprived her of an impartial tribunal, and involved conspiracy with state actors." (*Id.*)  But Plaintiff does not make those allegations in her complaint.  As to the Defendants' "entwinement with judicial power," all Plaintiff offers is that Grassano and its attorneys "leveraged judicial authority to silence Plaintiff."  (#1 at 8).  While Grassano and the Malley Law Firm are alleged to have acted in concert to "obstruct due process" (*id.*), nothing in the complaint suggests that they conspired with the courts to do so.  Plaintiff does not allege "coordinated actions with state officials" (#11 at 4), she alleges that a corporation and its attorneys succeeded in litigation; nothing in the complaint converts this conduct into state action. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981).  As such, Objections 7 through 9 are also overruled.  *See* (#11 at 4–6) (objecting to finding that complaint did not plead state action in alleged conspiracy between Grassano and its attorneys).

Objections 10 and 11 fault Judge Stetson for construing Plaintiff's 42 U.S.C. § 1985 claim under "the second clause" of §1985(2) instead of "the first." *See* (*id.* at 6–7).  These objections are overruled.  As Plaintiff points out, the first clause of § 1985(2) concerns obstruction to justice "in federal proceedings" while the second concerns that in "state-court proceedings." (*Id.* at 7); *see Shaw v. Gray Media Grp., Inc.*, No. 23-CV-1502, 2024 WL 2031817, at *3 (W.D. Tex. May 6, 2024) (quoting *James v. MedicalControl, Inc.*, 29 F.Supp.2d

749, 754 (N.D. Tex. 1998)).   Plaintiff's objections state that her complaint "describe[s] interference with the due course of justice in federal proceedings."   (#11 at 7).   But it does not. The complaint's allegations about this apparent lawsuit are insufficiently detailed; where they do provide information, however, they reveal that at one point the lawsuit was remanded to "Civil Court at Law No. 1" by "the Ninth Court of Appeals."   (#1 at 6).   It was therefore a state-court proceeding because Texas's Ninth Court of Appeals has jurisdiction over Jefferson County, TEX. GOV'T CODE § 22.201(j), which has a County Court at Law No. 1, § 25.1251(a)(1), that sits in Beaumont, § 25.1251(b), which is where Plaintiff says the allegations giving rise to her claims occurred (#1 at 2).   Thus, Plaintiff's conspiracy-to-obstruct-justice claim falls under the second clause of § 1985(2), not the first, and a review of the complaint confirms that Plaintiff does not allege any race- or class-based animus as required to state her § 1985(2) claim.

Objection 12 is overruled as frivolous.   Plaintiff asserts that the recommendation to dismiss her pendent state-law claim for lack of jurisdiction cannot "extend . . . to Plaintiff's federal claims."   (#11 at 7).   While true that it cannot, it does not.   The Report and Recommendation does not advise dismissal of Plaintiff's federal claims for lack of jurisdiction like the asserted state-law claim, it recommends dismissal based on failure to plead.

### IV. Order

Plaintiff's motion for leave (doc. #13) is **GRANTED**.

Plaintiff's objections (doc. #11) are **OVERRULED**.

The Report and Recommendation (doc. #10) is **ADOPTED**.

Plaintiff's claims are **CONDITIONALLY DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).   Plaintiff has fourteen (14) days to replead her complaint to cure the

5

pleading deficiencies identified by Judge Stetson in the Report and Recommendation. If Plaintiff fails to replead or cure the pleading defects in her complaint, the court will dismiss all claims.

SIGNED at Beaumont, Texas, this 24th day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

6